**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **TIMOTHY COLLIER, JASON EDWARDS,** ) | |
| **UNDRAY WEBB, DAVID BRADFORD,** ) | |
| **KIM COLLINS, GEORGE HOLLIDAY,** ) | |
| **LEROY LUCAS, SAMMY HOLLIDAY,** ) | |
| **MILES MUSGRAVES, KIM COLLINS,** ) | |
| **and KENYON WALTON,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **vs.** ) | **Case No. 15-cv-674-SMY** |
| ) | |
| **SGT. KRAMER, ROBERT DEWALL,** ) | |
| **EVAN BAILEY, ROBERT ROSS,** ) | |
| **COLLEEN MOORE,** ) | |
| **and UNKNOWN PARTY,** ) | |
| ) | |
| **Defendants.** ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

This matter is, once again, before the Court for case management and for preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The action was originally filed on June 18, 2015, by nine detainees at Alton City Jail ("Jail"), which is located in Alton, Illinois. (Doc. 1). The Court entered a preliminary order in this matter on July 10, 2015. (Doc. 23). In it, each plaintiff was ordered to advise the Court in writing, no later than August 11, 2015, whether he wished to pursue his claims in group litigation. Since then, three additional detainees at the Jail have asked to join as plaintiffs in this action, while three of the original plaintiffs have asked to withdraw or failed to respond to the Court's preliminary order.

As an initial matter, the Court concludes that joinder is not appropriate. *See* FED. R. CIV. P. 20(a)-(b), 21; *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001). Therefore, each plaintiff will be required to pursue his claims in a separate action. But before

doing so, each plaintiff must file an amended complaint in his separate case. The original complaint (Doc. 1) clearly does not survive screening under 28 U.S.C. § 1915A. Plaintiffs assert two claims in the complaint: (1) **Claim I -** they cannot prepare a defense in their cases because the Jail has no law library or law clerk to assist them; and (2) **Claim II -** they have no privacy at the Jail because cameras in each cell are used to monitor them at all times. (Doc. 1 at 6). Plaintiffs offer virtually no factual allegations in support of either claim, and the complaint shall be dismissed for failure to state a claim upon which relief may be granted. However, the dismissal is without prejudice, and each plaintiff will be granted leave to file an amended complaint in his separate case.

## Group Litigation

This action was originally filed by nine plaintiffs on June 18, 2015. (Doc. 1). The Court entered a preliminary order in this matter on July 10, 2015. (Doc. 23). There, the Court explained the difficulties associated with group litigation. (*Id*. at 2-5). The Court warned the plaintiffs of the risks and costs inherent in such proceedings. (*Id*.). Plaintiffs were then given an opportunity to withdraw from the group litigation. *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004).

Every plaintiff was ordered to advise the Court in writing whether he wished to continue as a plaintiff in the group action on or before August 11, 2015. (Doc. 23 at 5). Any plaintiff who wanted to pursue his claims individually in a separate lawsuit was ordered to so advise the Court in writing by the same deadline, and the Court would then sever that plaintiff's claims into a new action and assess a filing fee in the severed case. (*Id*. at 6). Plaintiffs were informed that the *only* way to avoid the obligation to pay a filing fee was to request dismissal from the action in writing by this deadline. The Court explicitly stated that "[a]ny plaintiff who simply does not

respond to this Order on or before August 11, 2015, *will* be obligated to pay the filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b)."  (*Id.*) (emphasis in original).

Plaintiff **Leroy Lucas** was the only plaintiff who failed to respond to the Court's order by the deadline, thereby triggering an obligation to pay the filing fee for this action despite being dismissed for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).  Plaintiff **Jason Edwards** sought dismissal from the action in writing prior to the deadline, and he shall be dismissed from the action without being assessed a filing fee or a "strike." (Doc. 33).  Plaintiff **Miles Musgraves** asked the Court to sever his claims into a separate action and allow him to proceed alone, and his request shall be granted. (Doc. 31).  All other plaintiffs indicated that they wish to proceed together in this group litigation, including: **Timothy Collier**,[1] **George Holliday** (Doc. 38), **Sammy Holliday** (Doc. 32), **Kim Collins** (Doc. 28), **Kenyon Walton** (Doc. 29), **David Bradford** (Doc. 34), and **Undray Webb**[2] (Doc. 26).   Below, the Court will discuss whether group litigation of their claims is appropriate.

### Motions for Joinder

In addition, the following two non-parties filed proposed complaints on August 24, 2015: **Shawn Bequette** (Doc. 42) and **Shawn Thompson** (Doc. 43).   The proposed pleadings are

---

[1] Plaintiff Timothy Collier was designated as the "lead" plaintiff in this case because he was the only individual who filed a complaint, a motion for leave to proceed *in forma pauperis*, and a motion for recruitment of counsel.  As the lead plaintiff, he was not given the option of withdrawing from this action.
[2] Undray Webb was not originally named as a plaintiff in this action.  On July 6, 2015, he filed a complaint (Doc. 24) that was virtually identical to the original complaint (Doc. 1).  The Court construed it as a motion for joinder (Doc. 22) and granted the motion on July 10, 2015 (Doc. 23).  Plaintiff Webb's proposed pleading was filed as an exhibit to the original complaint (Doc. 24).

virtually identical to the original complaint[3] (Doc. 1). The Court construes them as motions for joinder, which are hereby **GRANTED** for purposes of this order. Shawn Bequette and Shawn Thompson shall be added as plaintiffs in this action.

**Merits Review Under 28 U.S.C. § 1915A**

The complaint is now subject to preliminary review under 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint does not survive review under § 1915A, and it shall be dismissed.

**A.      The Complaint**

The statement of claim is quoted, in its entirety, below:

**Claim: (I)**      There is no Law Clerk or Law Library here to help us defend our cases. No Law Library

**Claim: (II)**      Invasion of Privacy  They have 360 [degree] cameras in each of our cells so they can see us at all times, even while using the restroom (toilet)

(Doc. 1 at 6). Beyond this, the plaintiffs offer no additional factual allegations in support of their claims. They seek monetary damages and an order to "fix" their complaints. (*Id*. at 7).

**B.      Discussion**

The complaint does not set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

---

[3] The proposed pleadings are also identical to a proposed pleading filed by Plaintiff Undray Webb, who was allowed to join as a plaintiff in this action on July 10, 2015. (Docs. 23, 24).

662, 678 (2009).  Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

This is true, whether the Court analyzes the claims under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Names Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Government officials may not be held liable under § 1983 or *Bivens* for unconstitutional conduct of their subordinates under a theory of *respondeat superior*.  *Iqbal*, 556 U.S. at 676 (citations omitted).  Vicarious liability is inapplicable in both contexts.  *Id*.  In order to state a claim, a plaintiff is required to plead that each government official, through his or her own conduct, violated the plaintiffs' constitutional rights.

Here, the factual allegations are threadbare and certainly too sketchy to support a claim against the defendants.  *Iqbal*, 556 U.S. at 678; *Brooks*, 578 F.3d at 581.  The complaint fails to describe how *any* particular defendant violated the plaintiffs' constitutional rights.  The statement of claim does not mention a single defendant.  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").  Grounds exist to dismiss **Claims I** and **II** on this basis alone, but there are other reasons.

With regard to **Claim I**, the complaint incorrectly suggests that the lack of a law clerk or dedicated law library, standing alone, supports a claim against the defendants.  This is not so.

"[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (analyzing claim under § 1983); *Christopher v. Harbury*, 536 U.S. 403, 414-15 (2002) (analyzing claim under *Bivens*). A complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall*, 445 F.3d at 968.

The complaint does not include a single allegation that describes an actual or potential limitation on any plaintiff's access to the courts. It alludes to the general inability of all plaintiffs to "defend [their] cases." (Doc. 1 at 6). Assuming this allegation refers to their *criminal* cases or appeals, the Court can discern no basis for a claim. In this context, plaintiffs would have a constitutional right to representation by an attorney, whose job it is to defend his or her client. It is not clear how the lack of a law library or law clerk would cause any plaintiff actual harm or prejudice in this context. More to the point, a viable claim is dependent upon the particular harm and prejudice suffered by each plaintiff. The complaint does not get into this, even in "minimal detail." *Marshall*, 445 F.3d at 968. Without basic allegations, the access claim fails. **Claim I** shall be dismissed.

With regard to **Claim II**, the complaint alleges that the placement of cameras in each cell violate the plaintiffs' constitutional right to privacy. The plaintiffs invoke no specific constitutional source of authority for their claims. Although civil rights claims of pretrial detainees generally arise under the Fourteenth Amendment, the standards applicable to prisoners

under the Eighth Amendment are frequently used as a starting point for the analysis of claims brought by pretrial detainees.

Neither detainees nor prisoners have a right to be free from reasonable surveillance. Prisoners do not have a reasonable expectation of privacy in their cells. *Hudson v. Palmer*, 468 U.S. 517, 525-30 (1984). The Seventh Circuit has held that guards may monitor the bathroom activity of opposite-sex prisoners without violating the Eighth Amendment, if they are doing so in order to maintain prison safety. *Courtney v. Devore*, 595 F. App'x 618, 620 (7th Cir. 2014) (citing *Johnson v. Phelan,* 69 F.3d 144 (7th Cir. 1995) (holding that female prison guards can monitor male detainees who are in the shower or on the toilet)). But, if the purpose of monitoring is to humiliate the prisoner or detainee, the conduct may violate the amendment. *Id*. (citing *Johnson*, 69 F.3d at 149-51). *See also Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004) (explaining that harassment or malicious conduct unrelated to institutional security violates Eighth Amendment). *See, e.g., Demery v. Arpaio*, 378 F.3d 1020, 1030 (9th Cir. 2004) (noting that detention necessarily involves being observed by staff, but broadcasting surveillance camera footage on the internet amounted to unconstitutional punishment of detainees). The allegations offer no insight into whether surveillance was used in an unreasonable manner, resulting in unconstitutional punishment of the plaintiffs. **Claim II** shall therefore be dismissed.

## C.      Conclusion

The original complaint does not survive preliminary review under § 1915A. For that reason, it shall be dismissed. However, the dismissal is without prejudice. Each plaintiff will be granted leave to file an amended complaint in his case, according to the instructions and deadlines set forth in the disposition.

**Joinder of Parties**

Before this matter proceeds, the Court must determine whether joinder of the parties is appropriate going forward.  Pursuant to Rule 20, district courts can accept joint complaints filed by multiple plaintiffs if the criteria for permissive joinder are satisfied.  *See* FED. R. CIV. P. 20; *Boriboune*, 391 F.3d at 855.  Rule 20 authorizes individuals to join as plaintiffs in bringing a single action, if: (A) they "assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; ***and*** (B) any question of law or fact common to all plaintiffs will arise in the action."  FED. R. CIV. P. 20(a)(1)(A)-(B) (emphasis added).

District courts are given "wide discretion . . . concerning the joinder of parties."  *See Chavez*, 251 F.3d at 632 (citing *Intercon Research Assoc., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 56 (7th Cir. 1092)).  The Seventh Circuit has held that "this discretion allows a trial court to consider, in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'"  *Chavez*, 251 F.3d at 632 (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)).  And if joinder would create "prejudice, expense, or delay" the court may deny a request for joinder.  *Id.* (citation omitted).

The Court finds that joinder of the parties in a single action going forward is not appropriate.  Plaintiffs' claims and their requests for relief arise out of a different transaction, occurrence, or series of transactions or occurrences.  **Claim I** is a claim for denial of access to the courts.  As discussed above, a plaintiff must describe actual harm or prejudice to specific non-frivolous litigation in the complaint.  *Marshall*, 445 F.3d at 968; *Christopher*, 536 U.S. at 414-15.  The facts necessary to plead this claim are unique to each plaintiff.  They arise from a

different "transaction, occurrence, or series of transactions or occurrences."  FED. R. CIV. P. 20(a)(1)(A).  The rules of permissive joinder thus preclude the plaintiffs from bringing Claim I together.

**Claim II** involves an invasion of privacy claim, arising from the installation of cameras in each cell.  At first glance, this claim seems to lend itself to group litigation.  It does not.  The Court notes that "[c]omplaints about prison-wide practices do not require more than one plaintiff." *Boriboune*, 391 F.3d at 856.  If plaintiffs intended to bring such a claim, they did not need to name more than one plaintiff in connection with it.  But that was their choice.

Still, the Court is not bound by their decision.  If the rules of permissive joinder are not satisfied, the Court can require each plaintiff to proceed separately with Claim II.  Like Claim I, Claim II involves a "transaction, occurrence, or series of transactions or occurrences" that is unique to each plaintiff.  FED. R. CIV. P. 20(a)(1)(A).  The presence of video cameras in each cell, without more, gives rise to no claim.  *Hudson*, 468 U.S. at 525-30 (prisoners have no expectation of privacy in their cells).  Other facts might support a claim, but these facts will be different for each plaintiff.  For example, this claim often involves consideration of a plaintiff's detention status,[4] religious beliefs, medical conditions, mental health conditions, and specific interactions with the defendants.  *See, e.g., Courtney*, 595 F. App'x at 620 (allowing Eighth Amendment claim of a Muslim pretrial detainee to proceed, where he alleged that he was subjected to cross-sex video monitoring in the bathroom and his religion prohibited any woman other than his wife from seeing his nude body).  The facts offered in support of each claim and the law implicated by each claim depend on the specific circumstances of individual plaintiffs.  The rules of permissive joinder under Rule 20 preclude the plaintiffs from bringing Claim II together.

---

[4] Different legal standards typically apply to claims brought by arrestees, pretrial detainees, and prisoners.

Even if Rule 20 is satisfied, the Court can still require the plaintiffs to proceed separately with their claims if joinder would cause "prejudice, expense, or delay." *See Chavez*, 251 F.3d at 632; FED. R. CIV. P. 20(b).  Allowing the plaintiffs to proceed together will foreseeably delay, complicate, and increase the costs of litigating otherwise straightforward claims, resulting in prejudice to the plaintiffs and defendants.  At the time of filing this lawsuit, the plaintiffs were in the Jail on a federal holdover.  Soon after commencing the action, many of them transferred out of the Jail.  Some transferred to other jails located in Illinois.  Others transferred to federal institutions located in different parts of the country.  The difficulties associated with group litigation are compounded by the fact that many of these plaintiffs are not housed under the same roof or even in the same state, hindering their ability to communicate, make decisions regarding litigation, prepare group pleadings, or respond to deadlines.  Given these considerations, the Court finds that joinder is not appropriate going forward.

The Court looks to Rule 21 of the Federal Rules of Civil Procedure for guidance on how to proceed.  Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The Court may also sever any claim against a party."  FED. R. CIV. P. 21.  Consistent with Rule 21, the Court shall enter an order in the disposition below that allows each plaintiff to proceed in a separate action, as follows:

A.  **Timothy Collier**, who has been identified as the "lead plaintiff" in this case, shall proceed as the *only* plaintiff in this action going forward, and he shall be obligated to pay a filing fee for this action;

B.  **George Holliday, Sammy Holliday, Kim Collins, Kenyon Walton, David Bradford, Undray Webb**, **Shawn Bequette**, and **Shawn Thompson** shall be terminated as plaintiffs in this action, and no filing fee for this action shall be assessed.  New cases shall be opened for each plaintiff.  Each shall separately proceed with Claims I and/or II in the newly-opened case, and each shall pay a filing fee in that case, whether or

not he chooses to pursue his claims any further;

C.   **Miles Musgraves** shall be terminated as a party to this action, and no filing fee for this action shall be assessed.  Per his request, a new case shall be opened on his behalf.  He shall proceed with Claims I and/or II in the newly-opened case and shall pay a filing fee in that case, whether or not he chooses to pursue his claims;

D.   **Jason Edwards** shall be terminated as a party to this action, pursuant to his written request to withdraw as a party.  He shall not be obligated to pay a filing fee or receive a "strike" for this action under 28 U.S.C. § 1915(g). His claims are considered dismissed without prejudice, but he must bring a separate action, if he wishes to pursue the claims in the future; and

E.   **Leroy Lucas** shall be terminated as a party to this action for failure to prosecute his claim and/or respond to the Court's Order dated July 10, 2015.  Fed. R. Civ. P. 41(b).  He shall remain obligated to pay a filing fee, but he shall not receive a "strike" under 28 U.S.C. § 1915(g). His claims are considered dismissed with prejudice.

### Joinder of Claims

To be clear, the Court has not addressed whether Claims I and II are properly joined in a single action.  "[J]oinder of claims under Rule 18 becomes relevant only after the requirements of Rule 20 relating to joinder of parties has been met with respect to the party against whom the claim is sought to be asserted." *Vermillion v. Levenhagen*, 604 F. App'x 508, 512 (7th Cir. 2015) (quoting *Intercon Research Assocs. Ltd.*, 696 F.2d at 57).  *See also* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1585 (3d ed. 2010) ("Once parties are properly joined . . . as to a particular claim, additional claims, whether they are related or unrelated or they are by or against all or less than all of the parties may be joined under Rule 18(a).").  The Court reserves any ruling on the joinder of Claims I and II in a single action at this time.  However, each plaintiff is cautioned against future improper joinder of claims.  *See* Fed. R. Civ. P. 18.  The Court may further sever unrelated claims against different defendants into separate actions, for which the plaintiff will be obligated to pay a separate filing

fee and may receive a "strike" if his claims are deemed frivolous, malicious, or meritless. *See George v. Smith*, 507 F.3d 605 (7th Cir. 2007); Fᴇᴅ. R. Cɪᴠ. P. 21.

## Pending Motions

1.  **Motions for Leave to Proceed *In Forma Pauperis***

Each plaintiff filed a motion for leave to proceed *in forma pauperis* ("IFP motion"), which shall be addressed in a separate Order of the Court in that plaintiff's individual case.

2.  **Motions for Recruitment of Counsel**

Plaintiffs Collier (Doc. 3), Bradford (Doc. 35), Bequette (Doc. 45), and Thompson (Doc. 47) also filed motions for recruitment of counsel, which shall be addressed in a separate Order of the Court in each plaintiff's individual case.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff **LEROY LUCAS** is **TERMINATED** as a plaintiff in this action.  His claims (**Claims I** and **II**) are **DISMISSED** with prejudice for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).  This dismissal shall *not* count as a "strike" under 28 U.S.C. § 1915(g). However, Plaintiff Lucas remains obligated to pay the filing fee for this action,[5] and his IFP motion (Doc. 12) shall be addressed in a separate Order of this Court.

**IT IS ORDERED** that Plaintiff **JASON EDWARDS** is **TERMINATED** as a plaintiff in this action.  His claims (**Claims I** and **II**) are **DISMISSED** without prejudice from this action.  Because he timely responded to the Court's preliminary order (Doc. 23), Plaintiff Edwards is not required to pay a filing fee for this action and has not incurred a "strike" under 28 U.S.C.

---

[5] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.  A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

§ 1915(g).  Because he did not ask the Court to sever his claims into a separate action, the Court will not do so at this time.  If he wishes to pursue Claims I or II at any point in the future, Plaintiff Edwards must file a new complaint and pay a filing fee in a separate action. Plaintiff Edwards' IFP motion (Doc. 8) is hereby **DENIED** as **MOOT**.

IT IS ORDERED that the motions for joinder of Shawn Bequette (Doc. 42) and Shawn Thompson (Doc. 43) are **GRANTED** for purposes of this order only.  The Clerk is **DIRECTED** to: (1) **ADD SHAWN BEQUETTE** and **SHAWN THOMPSON** as plaintiffs in CM/ECF; (2) **FILE** Shawn Bequette's proposed pleading as the "Second Exhibit to Complaint" and Shawn Thompson's proposed pleading as the "Third Exhibit to Complaint," both of which shall be fully incorporated into the original complaint (Doc. 1); and (3) **SEND** a copy of Document 5 and a copy of this Order to Plaintiffs Bequette and Thompson.  Both of the plaintiffs are required to comply with all deadlines and orders set forth herein and henceforth.

IT IS FURTHER ORDERED that the following additional plaintiffs are, for the reasons set forth above, **TERMINATED** as parties in this action: **MILES MUSGRAVES, GEORGE HOLLIDAY, SAMMY HOLLIDAY, KIM COLLINS, KENYON WALTON, DAVID BRADFORD, UNDRAY WEBB, SHAWN THOMPSON,** and **SHAWN BEQUETTE**. The Clerk is **DIRECTED** to open a new case for each of these plaintiffs, captioning them as follows and filing the following documents in each case (and any others listed below): (1) this memorandum and order; (2) original complaint (Doc. 1); (3) preliminary order (Doc. 23); (4) first exhibit to original complaint (Doc. 24); and (5) second and third exhibits to original complaint:

A.  **MILES MUSGRAVES, Plaintiff v. SGT. KRAMER, ROBERT DeWALL, EVAN BAILEY, ROBERT ROSS, COLLEEN MOORE, and**

UNKNOWN PARTY, Defendants;[6]

B. **GEORGE HOLLIDAY, Plaintiff v. SGT. KRAMER, ROBERT DeWALL, EVAN BAILEY, ROBERT ROSS, COLLEEN MOORE, and UNKNOWN PARTY, Defendants;**[7]

C. **SAMMY HOLLIDAY, Plaintiff v. SGT. KRAMER, ROBERT DeWALL, EVAN BAILEY, ROBERT ROSS, COLLEEN MOORE, and UNKNOWN PARTY, Defendants;**[8]

D. **KIM COLLINS, Plaintiff v. SGT. KRAMER, ROBERT DeWALL, EVAN BAILEY, ROBERT ROSS, COLLEEN MOORE, and UNKNOWN PARTY, Defendants;**[9]

E. **KENYON WALTON, Plaintiff v. SGT. KRAMER, ROBERT DeWALL, EVAN BAILEY, ROBERT ROSS, COLLEEN MOORE, and UNKNOWN PARTY, Defendants;**[10]

F. **DAVID BRADFORD, Plaintiff v. SGT. KRAMER, ROBERT DeWALL, EVAN BAILEY, ROBERT ROSS, COLLEEN MOORE, and UNKNOWN PARTY, Defendants;**[11]

G. **UNDRAY WEBB, Plaintiff v. SGT. KRAMER, ROBERT DeWALL, EVAN BAILEY, ROBERT ROSS, COLLEEN MOORE, and UNKNOWN PARTY, Defendants;**[12]

H. **SHAWN THOMPSON, Plaintiff v. SGT. KRAMER, ROBERT DeWALL, EVAN BAILEY, ROBERT ROSS, COLLEEN MOORE, and UNKNOWN PARTY, Defendants;**[13] **and**

I. **SHAWN BEQUETTE, Plaintiff v. SGT. KRAMER, ROBERT DeWALL,**

---

[6] In addition to those documents already listed, the Clerk is DIRECTED to file the following document in this case: (1) IFP motion (Doc. 18).

[7] In addition to those documents already listed, the Clerk is DIRECTED to file the following document in this case: (1) IFP motion (Doc. 39).

[8] In addition to those documents already listed, the Clerk is DIRECTED to file the following document in this case: (1) IFP motion (Doc. 10).

[9] In addition to those documents already listed, the Clerk is DIRECTED to file the following document in this case: (1) IFP motion (Doc. 6).

[10] In addition to those documents already listed, the Clerk is DIRECTED to file the following document in this case: (1) IFP motion (Doc. 14).

[11] In addition to those documents already listed, the Clerk is DIRECTED to file the following documents in this case: (1) IFP motion (Doc. 20); and (2) motion to appoint counsel (Docs. 34-35).

[12] In addition to those documents already listed, the Clerk is DIRECTED to file the following document in this case: (1) IFP motion (Doc. 27).

[13] In addition to those documents already listed, the Clerk is DIRECTED to file the following documents in this case: (1) IFP motion (Doc. 46); and (2) motion for recruitment of counsel (Doc. 47).

**EVAN BAILEY, ROBERT ROSS, COLLEEN MOORE, and UNKNOWN PARTY, Defendants.**[14]

The Clerk is **DIRECTED** to change the caption of this case to: **TIMOTHY COLLIER, Plaintiff v. SGT. KRAMER, ROBERT DeWALL, EVAN BAILEY, ROBERT ROSS, COLLEEN MOORE, AND UNKNOWN PARTY, Defendants.** Only Plaintiff Collier will proceed with Claims I and/or II in this action.

Each case shall be tracked so that it undergoes any further preliminary review under 28 U.S.C. § 1915A that is deemed necessary (including review of the amended complaint), if only to allow for the entry of the orders addressing each plaintiff's pauper status, appointment of counsel, and other preliminary matters.

**IT IS ORDERED** that the original complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted in this case and in each newly-severed case.

Each plaintiff is **GRANTED** leave to file a "First Amended Complaint" in the new case opened in his name **on or before January 25, 2016.** Should a plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, his entire case shall be dismissed with prejudice and he may incur a "strike." FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). The First Amended Complaint is subject to preliminary review pursuant to 28 U.S.C. § 1915A.

When each plaintiff prepares his First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form,

---

[14] In addition to those documents already listed, the Clerk is DIRECTED to file the following documents in this case: (1) IFP motion (Doc. 44); and (2) motion for recruitment of counsel (Doc. 45).

"First Amended Complaint," and he should use the case number for the action opened in his name.  Only Plaintiff Timothy Collier should use *this* case number.

The pleading shall present each claim in a separate count, and each count shall specify, *by name*, each defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant.  Each plaintiff should attempt to include the facts of his case in chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits.  Each plaintiff should *include only related claims* in his new complaint.  Claims found to be unrelated to one another, or unrelated to the access to courts claim (Claim I) and the invasion of privacy claim (Claim II), will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed. To enable each plaintiff to comply with this order, the **CLERK** is **DIRECTED** to mail each plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and each plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Each plaintiff is further **ADVISED** that his obligation to pay the filing fee was incurred at the time this action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file an amended complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Only Plaintiff Timothy Collier and Plaintiff Leroy

Lucas will be assessed a filing fee in this action.  All other plaintiffs will be assessed a filing fee in his new case.

Finally, each plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 22, 2015**

s/ STACI M. YANDLE
United States District Judge