IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY COLLIER, ) | |
| 11008-025, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 15-cv-00674-SMY |
| ) | |
| SGT. KRAMER, ROBERT DEWALL, ) | |
| EVAN BAILEY, ROBERT ROSS, ) | |
| COLLEEN MOORE, ) | |
| and UNKNOWN PARTY, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This case was originally filed by nine detainees at the Alton City Jail ("Jail"). Plaintiffs brought the action to complain about their lack of access to the courts and their conditions of confinement at the Jail. (Doc. 1). In an Order dated December 22, 2015, the Court concluded that joinder of the parties and their claims in a single action was not appropriate. (Doc. 52 at 1) (citing FED. R. CIV. P. 20(a)-(b), 21; *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001)). Each plaintiff was required to pursue his claims in a separate action. (*Id*.).

Further, because the original complaint failed to state any claim upon which relief could be granted, the Court ordered each plaintiff to file a "First Amended Complaint" in his case no later than January 25, 2016. (Doc. 52 at 15). The Court warned each plaintiff that his case would be dismissed with prejudice and a "strike," if he "fail[ed] to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in th[e] Order." (*Id*.) (citing FED. R. CIV. P. 41(b); *Ladien Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994)).

Plaintiff Timothy Collier was granted leave to file his "First Amended Complaint" under this case number. The amended pleading was due on or before January 25, 2016. The deadline has now passed and Plaintiff has not filed his amended complaint. He also has not requested an extension of the deadline for doing so.

As a result, this case is **DISMISSED with prejudice** for failure to comply with an order of this Court. *See* FED. R. CIV. P. 41(b). This dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

Further, Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  February 1, 2016**

**s/ STACI M. YANDLE**
STACI M. YANDLE
United States District Judge
